**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATIONAL LOGISTICS ROOFING AND CONSTRUCTION, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-cv-00194-SLP |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, State Farm Fire and Casualty Company ("State Farm"), pursuant to FED. R. CIV. P. 12(c), respectfully moves this Court to enter judgment in its favor and against Plaintiff National Logistics Roofing and Construction, LLC ("Plaintiff" or "National Logistics Roofing") for failure to state a claim upon which relief can be granted. Plaintiff's lawsuit is time-barred under the terms of the contract Plaintiff seeks to enforce against State Farm. In support thereof, State Farm would show the Court as follows:

## INTRODUCTION

Per the terms of the Policy, State Farm and its insured agreed that all suits would be commenced within two (2) years after the date of loss. Here, State Farm's insured, Surrey Hills Luxury Condominiums Homeowners Association, Inc., executed a post-loss assignment transferring its rights regarding its insurance claim to a roofing contractor, Plaintiff National Logistics Roofing. Plaintiff has, in its own words, "constructively

stepped into the place of Surrey Hills in all aspects regarding this Claim", including application of the Policy's conditions.

Plaintiff maintains the accurate date of loss for the Claim is April 19, 2023. Accordingly, Plaintiff's deadline to file suit was April 19, 2025. This case was not filed until April 21, 2025. Plaintiff failed to comply with the valid and enforceable contractual limitations provision set out in the Policy. Consequently, State Farm is entitled to judgment in its favor and against Plaintiff.

**PLAINTIFF'S ALLEGATIONS SUPPORTING JUDGMENT FOR STATE FARM**

1. State Farm issued Policy Number 96-B5-E842-3 (the "Policy") insuring Surrey Hills Luxury Condominiums Homeowners Association, Inc. ("Surrey Hills"). *See* Plaintiff's First Amended Petition, attached as Exhibit 1, at ¶¶ 5, 7, 10.

2. A claim was submitted to State Farm reporting Surrey Hills' "property had sustained accidental direct physical loss during the time the [Policy] was in effect." *See* Exhibit 1, at ¶ 12 (referred to hereinafter as the "Claim").

3. On April 15, 2025, Surrey Hills executed an "Assignment of Claim" transferring its "rights, benefits, and proceeds" for the Claim to National Logistics Roofing. *See* Exhibit 1, at ¶¶ 5-6 and Exhibit 1 to Plaintiff's First Amended Petition.

4. Plaintiff maintains the accurate date of loss for the Claim is April 19, 2023. *See* Exhibit 1, at ¶ 15.

5. Plaintiff filed its original Petition, alleging breach of contract against State Farm, on April 21, 2025, more than two years after the "accurate date of loss for the Claim." *See* Exhibit 1, at ¶ 15; *see also* Plaintiff's Original Petition, at Doc. No. 1-1.[1]

6. The Policy also includes the following provision, requiring any legal action to be brought within two (2) years from the date of loss:

> **Legal Action Against Us**
>
> No one may bring a legal action against us under this insurance unless:
>
> (1) There has been full compliance with all of the terms of this insurance; and
> (2) The action is brought within 2 years after the date on which the accidental direct physical loss occurred.

*See* Exhibit 2, at bates number SF(NLR)_000020.

7. State Farm's defenses in its Answer to Plaintiff's First Amended Petition include:

> 1. Plaintiff's Petition fails to state a claim upon which relief can be granted.
>
> …
>
> 3. Plaintiff's claim is barred by the statute of limitations and/or contract limitations provision in the Policy.

[1] *See Caldwell v. University of New Mexico Board of Regents*, 510 F. Supp. 3d 982, 1010 (D. N.M. 2020) (identifying exceptions to the general rule that a court may not review matters outside the complaint, including "matters of which a court may take judicial notice"). "The court may take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (citing St. *Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) (abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001)).

*See* State Farm's Answer, Doc. No. 1-7.

**LEGAL STANDARD UNDER RULE 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts evaluate a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion to dismiss. *See Turner v. City of Tulsa*, 525 Fed. App'x 771, 772 (10th Cir. 2013). A court may grant a motion for judgment on the pleadings when the "moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park University Enterprises, Inc. v. American Cas. Co*. 442 F.3d 1239, 1244 (10th Cir. 2006) (abrogated on other grounds). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Snyder v. Francis Tuttle Sch. Dist*., CIV-07-323-C, 2007 WL 4287621 at *2 (W.D. Okla. Dec. 5, 2007) (citation omitted).

Taking Plaintiff's allegations as true, for the purpose of this motion, State Farm is entitled to judgment based on the express terms of the Policy. *See Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (the court "accept[s] all facts pleaded by the non-moving party as true" in reviewing as motion under Rule 12(c)).

## ARGUMENT AND AUTHORITIES

**A. Plaintiff's claim is time-barred under the express terms of the Policy.**

Under the Policy, a lawsuit must be filed within two (2) years "after the date on which the accidental direct physical loss occurred." *See* Policy (Ex. 2), at bates number SF(NLR)_000020. Here, Plaintiff alleges the accurate date of loss for the Claim is April 19, 2023. *See* Plaintiff's First Amended Petition (Ex. 1), at ¶ 15. Plaintiff did not file this lawsuit until April 21, 2025, more than two years after the loss. *See* Doc. No. 1-1. Pursuant to the terms of the Policy, Plaintiff's lawsuit against State Farm is untimely.

Under Oklahoma law, property insurance contracts may limit the time within which a lawsuit may be brought to "one (1) year from the date of occurrence of the event resulting in the loss." OKLA. STAT. tit. 36, § 3617; *see also id*. at § 704 (defining property insurance). The Oklahoma Supreme Court has recognized that property insurance "can be limited to [as little as] a one-year period in which to file an action", in compliance with OKLA. STAT. tit. 36, § 3617. *Wagnon v. State Farm Fire & Casualty Co*., 1997 OK 160, ¶ 6, 951 P.2d 641, 644; *Walton v. Colonial Penn Ins. Co*., 1993 OK 115, ¶¶ 9-13, 860 P.2d 222, 225-26 (finding the "legislature's policy decision to provide a one year statute of limitations for suits on fire insurance contracts… reasonable" and constitutional); *see also Hayes v. State Farm Fire & Cas. Co*., 855 F. Supp. 2d 1291, 1301 (W.D. Okla. 2012) (determining that a suit-against-us clause was unambiguous and enforceable).

Similar limitations provisions have been scrutinized by this Court and the United States District Court for the Northern District of Oklahoma, both applying Oklahoma law and ultimately disposing of claims deemed untimely under those policies' terms. In

*Barraza v. State Farm Fire and Casualty Company*, the court held the limitations provision "clearly and unambiguously limits defendant's liability under the policy by requiring suits like plaintiff's breach of contract claim to be filed within one year from the date of loss." *Barraza v. State Farm Fire & Cas. Co.*, No. 21-CV-00282-CVE-CDL, 2023 WL 359518, at *6 (N.D. Okla. Jan. 23, 2023) (granting State Farm's motion for summary judgment). Similarly, in *Root v. State Farm Fire and Casualty Company*, this Court stated: "Oklahoma law requires property-insurance policies to provide at least a one-year limitations period for bringing 'an action,' with the clock starting on 'the date of occurrence of the event resulting in loss.' Here the policy imposes just such a deadline." *Root v. State Farm Fire & Cas. Co.*, No. 23-00870-PRW, 2024 WL 5239456 at *1 (W.D. Okla. Sept. 30, 2024) (dismissing Plaintiffs' claims for damages that occurred more than one year prior to the filing of the lawsuit).

The Policy at issue contains a Legal Action Against Us provision that limits the period in which a lawsuit may be brought to two (2) years, in compliance with OKLA. STAT. tit. 36, § 3617.[2] Any legal action based on the Claim was required to be filed within two (2) years from April 19, 2023. Plaintiff did not bring this action until April 21,

[2] While there are multiple statutes governing limitations periods, Section 3617 is the authority applicable to the limitations period in this property insurance Policy. *See Hall v. Globe Life and Acc. Ins. Co. of Okla.*, 1999 OK 89, ¶ 5, 998 P.2d 603, 605 ("Where a matter is addressed by two statutes—one specific and the other general—the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute.") (quoting *State ex rel. Trimble v. City of Moore*, 1991 OK 97, ¶ 30, 818 P.2d 889, 299).

2025. Plaintiff failed to comply with the terms of the Policy. Accordingly, State Farm is entitled to judgment in its favor and against Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's lawsuit was untimely filed based on the Legal Action Against Us provision in the Policy, which is a valid and enforceable contract term. Because Plaintiff's right to pursue its breach of contract action is now extinguished, the Court must grant judgment in favor of Defendant State Farm Fire and Casualty Company.

Dated: March 25, 2026.

Respectfully submitted,

*/s/ Natalie M. McMahan*
Kathryn D. Terry, OBA No. 17151
Natalie M. McMahan, OBA No. 34335
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
kdterry@phillipsmurrah.com
nmmcmahan@phillipsmurrah.com
***ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2026, this *Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the ECF Filing System, which will transmit a Notice of Electronic Filing to the follow ECF registrants:

Ben D. Baker
Levi B. Baker
Dawn M. Goeres
Red Dirt Legal, PLLC
10334 Greenbriar Parkway
Oklahoma City, OK 73159
Telephone: 405-527-8001
Facsimile: 405-527-1539
ben@reddirtlegal.com
levi@reddirtlegal.com
dawn@reddirtlegal.com

and

Laurie Koller
Red Dirt Legal, PLLC
2504 E. 21st Street, Suite B
Tulsa, OK 74114
Telephone: 918-771-2968
laurie@reddirtlegal.com
***Attorneys for Plaintiff***

*/s/ Natalie M. McMahan*